**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

December 7, 2021

LETTER TO PARTIES

     RE:   *Reo B. v. Kijakazi*
              Civil No. SAG-21-2276

Dear Plaintiff and Counsel:

     On September 3, 2021, Plaintiff, proceeding *pro se*, filed a complaint in which he contested a decision by the Commissioner of the Social Security Administration ("SSA").  ECF No. 1.  The Commissioner filed a Motion to Dismiss for improper venue pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(3).  ECF No. 12-1.  The Commissioner also stated that, in the alternative, Plaintiff's complaint should be dismissed for failure to state a claim pursuant to FRCP 12(b)(6).  *Id.*  After receipt of the Commissioner's Motion to Dismiss, ECF No. 12, the Clerk of this Court mailed a "Rule 12/56 notice" to Plaintiff, ECF No. 13.  This notice alerted Plaintiff to the potential consequences of a failure to appropriately respond to the Commissioner's motion.[1]  Plaintiff then filed a Motion for Summary Judgment, ECF No. 14.  I have carefully reviewed the parties' filings, including Plaintiff's Complaint, ECF No. 1, the Commissioner's Motion to Dismiss, ECF No. 12, and Plaintiff's Motion for Summary Judgment, ECF No. 14.  No hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2021).  For the reasons set forth below, the Commissioner's motion must be granted because venue is improper in Maryland, and Plaintiff's Motion for Summary Judgment must be denied.

     Proper venue is determined by the district where the plaintiff resides. *See* 42 U.S.C. § 405(g) (stating that an individual challenging a "final decision of the Commissioner of Social Security made after a hearing to which he was a party" may bring a civil action "in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business").  Plaintiff is a resident of South Carolina.  *See* ECF No. 1 (listing Lancaster, South Carolina as plaintiff's place of residence), ECF No. 1-3 (addressed to Plaintiff in Lancaster, South Carolina).  Therefore, this case cannot proceed in this Court, which is in Maryland.  *See* 42 U.S.C. § 405(g); *see also* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").  Instead, the proper venue for this case would be in the district court where Plaintiff resides in South Carolina.

---

[1] This Court routinely finds that the "Rule 12/56 notice" satisfies the notice requirements set forth in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).  *See, e.g.*, *Hutton v. Hickman*, No. ELH-19-3665, 2020 WL 7640825 (D. Md. Dec. 23, 2020), *Collins v. Gang*, No. JKB-19-2526, 2020 WL 7384877 (D. Md. Dec. 16, 2020), *Bogues v. Bishop*, No. CCB-19-2035, 2020 WL 5759758 (D. Md. Sept. 28, 2020).

*Reo B. v. Kijakazi*
Civil No. SAG-21-2776
December 7, 2021
Page 2

While, if it were in the interest of justice to do so, this Court could transfer this case to the proper venue in South Carolina, that is not the proper course of action here, because Plaintiff has not provided evidence that he exhausted his administrative remedies.  Accordingly, this Court shall dismiss the Complaint pursuant to 28 U.S.C. § 1406(a).

For the reasons set forth herein, the Commissioner's Motion to Dismiss, ECF No. 12, is GRANTED and Plaintiff's Motion for Summary Judgment, ECF No. 14, is DENIED.  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States District Judge